[No. 1832-3. Division Three. November 3, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES FRANCIS LEVIER, *Appellant*.

*Richard L. Cease, Public Defender*, and *Donald L. Westerman, Assistant*, for appellant (appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney*, and *Gregory G. Staeheli, Deputy*, for respondent.

MUNSON, J.—Appellant was convicted of sodomy, *i.e.*, "voluntarily submit to a carnal knowledge of himself with the mouth or tongue by a female person, . . . of the age of sixteen (16) years."

The appellant's primary issue is whether the sodomy statute, RCW 9.79.100, had been impliedly repealed by the enactment of the rape statute, RCW 9.79.140-.220, thus requiring appellant's motion for dismissal be granted. We find no implied repeal and affirm.

The alleged conduct took place on or about October 17, 1975; it is admitted by all parties that the sodomy statute was repealed as of July 1, 1976, with the adoption of the new criminal code.

RCW 9.79.100 states:

> Every person who shall carnally know . . . any male or female person by the anus or with the mouth or tongue; or who shall voluntarily submit to such carnal knowledge; . . . shall be guilty of sodomy and shall be punished as follows:
> (1) When such act is committed upon a child under the age of fifteen years, by imprisonment in the state penitentiary for not more than twenty years.
> (2) In all other cases by imprisonment in the state penitentiary for not more than ten years.

RCW 9.79.030 states:

> Any sexual penetration, however slight, is sufficient to complete sexual intercourse or carnal knowledge. . . . Sexual conduct means either or both sexual intercourse or any conduct involving the sex organs of one person and the mouth or anus of another.

The legislature revised the law in 1975 with respect to rape. That act, so far as pertinent here, defines "Sexual intercourse" as: "any act of sexual contact between persons involving the sex organs of one person and the mouth or anus of another whether such persons are of the same or opposite sex." RCW 9.79.140(1)(c).

Appellant's first assignment of error asks that we find that RCW 9.79.140 and subsequent revisions of the rape statute impliedly repealed RCW 9.79.100 because both statutes deal with the same subject matter and both require

that the same elements be proved. It is with the latter contention that we disagree. Even though the crime of rape has been now classified into three degrees, it still contains an element of force or lack of consent because of legal incapacity or incapability. RCW 9.79.170-.190. These elements are not included within RCW 9.79.100.

██ The rape statute does not cover the entire subject matter of the sodomy statute, nor does it appear that it was the legislature's intent to so supersede the sodomy statute. RCW 9.79.100 was not included within the designation of legislation repealed by the rape statute, whereas in the new criminal code the legislature specifically repealed it. Repeal by implication is not a favored doctrine in the law. *Jenkins v. State*, 85 Wn.2d 883, 540 P.2d 1363 (1975). The legislature having specifically repealed the sodomy statute when it adopted the new criminal code, did not impliedly do so in 1975 with the enactment of the rape statutes. RCW 9.79.100 was in effect at the time of this occurrence; the assignment is not well taken.

█ Secondly, the appellant contends that the difference in penalties allows a prosecutor absolute discretion in determining the crime for which he will prosecute, thus denying this appellant equal protection under the Fourteenth Amendment and article 1, section 12 of the Washington State Constitution. Again we disagree. The elements of proof are different between the rape statute and the sodomy statute; the former requiring some form of compulsion, force, or nonconsent, which is not necessary for conviction of the latter. Consequently, the prosecutor is not allowed complete discretion in determining with which statute to charge a defendant; his discretion is limited by the proof available to him. *State v. Devine*, 84 Wn.2d 467, 527 P.2d 72 (1974). The assignment is not well taken.

Judgment is affirmed.

McINTURFF, C.J., and GREEN, J., concur.

Petition for rehearing denied November 29, 1976.

Review denied by Supreme Court February 23, 1977.