FILED
COURT OF APPEALS
DIVISION II

2013 DEC 20  AM 8: 36

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KATHERINE E. MORSMAN, | No. 42622-6-II |
| Appellant, | |
| v. | |
| CLARK COUNTY, | UNPUBLISHED OPINION |
| Respondent. | |

PENOYAR, J. — Katherine Morsman appeals the trial court's dismissal of her negligence action against Clark County. Applying the version of RCW 4.96.020 in effect when Morsman filed her notice of claim with Clark County, the trial court concluded at a summary judgment hearing that Morsman had not met the statute's claim filing requirement and that unless Clark County was equitably estopped from claiming the protection of the statute, Mossman's claim should be dismissed. After a bench trial, the trial court concluded that Clark County was not equitably estopped from asserting its improper filing defense and entered a final judgment dismissing Morsman's complaint with prejudice. We hold the trial court was required to apply RCW 4.96.020 as amended and to determine whether Morsman substantially complied with the pre-suit tort claim filing procedures. We reverse the trial court's grant of partial summary judgment for Clark County and its dismissal of Morsman's case. We remand for further proceedings.

### FACTS

I.    BACKGROUND

On August 12, 2005, a Clark County sheriff's vehicle rear-ended Morsman's vehicle in which she was a passenger. The Risk Management Division of Clark County Department of

General Services (Risk Management) was advised of the accident and began an investigation. Risk Management paid for the property damage to Morsman's vehicle and her insurance company's subrogation claim for medical treatment.[1] By March 2007, Risk Management considered Morsman's claim to be in "standby status, and no further action was contemplated." Clerk's Papers (CP) at 152.

In January 2008, Morsman hired attorney Michael Gutzler to represent her for ongoing personal injuries caused by the August 2005 accident. After researching RCW 4.96.020 and the proper method for commencing a suit against a county, Gutzler asked his legal assistant, Cheryl Harney, to help determine where the initial tort claim notice form must be sent, a prerequisite to filing a superior court action for damages against a county.[2]

Harney first attempted to send the tort claim notice form to the Washington State Patrol's Risk Management Division; however, the form was returned and she was advised to file the form with Clark County. Harney contacted the Civil Unit of the Clark County Sheriff's Office in July 2008; the Civil Unit told her to contact Clark County's Risk Management. Harney then contacted Risk Management, which faxed Harney the tort claim notice form and advised her that it was to be returned to 1300 Franklin Street. Both Risk Management and the clerk of the Board of County Commissioners are located on the sixth floor of the building at 1300 Franklin Street.

---

[1] There was damage to the rear bumper cover of the vehicle in the amount of $148.00 in parts and $657.60 for paint and labor. Morsman's initial medical damages totaled $3,343.83.

[2] Gutzler knew the tort claim notice must be filed because he had reviewed RCW 4.96.020 and some related case law. Apparently he did not notice that RCW 4.96.020 directed that Clark County was required to record their designated agent's information with the County auditor. He also apparently did not read the local Clark County rules, which would have shown the form needed to be filed with the clerk of the Board of County Commissioners. Clark County Code § 2.95.060.

2

The form Risk Management faxed Harney did not direct the claimant to serve the form on any particular County office. Mark Wilsdon, the County's Risk Manager, stated that no instructions were given for how to file the form because Risk Management did not want to give legal advice. Wilsdon also stated, however, that if someone were to come in person to deliver the form to Risk Management and *specifically* asked where the form must be filed, his office would have directed the person to the correct location. But if the form was hand delivered and no specific inquiry was made, either the person attempting to file the form may have been directed to the correct location or the form may have simply been accepted with no comment. Louise Richards, the clerk of the Board at the time Morsman's tort notice was filed, testified that she would not provide guidance about where to file the tort claim notice forms when asked because she was not an attorney and would, instead, tell claimants to speak with their attorney.[3]

The only County office mentioned on the form was Risk Management, which was listed at the top of the first page. The bottom of each page included Risk Management's address, telephone number, and fax number. The bottom of each page also included the phrase: "This Tort Notice conforms with RCW 4.96.020." Clerk's Papers (CP) at 146-47.

Based on the information on the forms and the information Harney received when she spoke to Risk Management, Gutzler and Harney believed Risk Management was the proper office to receive Morsman's tort claim notice form. Harney had the completed tort claim notice

---

[3] After legislative amendments to RCW 4.96.020 in July 2009, all counties must now include instructions on the form regarding how the form is to be presented and the name, address, and business hours of the agent of the local government entity where the form must be filed.

form, along with Gutzler's letter of representation, hand delivered to Risk Management.[4] Risk Management received and time stamped the letter and tort claim notice form on August 8, 2008.

## II. PROCEDURAL HISTORY

On October 9, 2008, Morsman filed her summons and complaint, which were then properly served on the Clark County Auditor. Clark County sent Gutzler a letter on May 21, 2009, advising him that he had filed the tort claim notice form in the wrong office in violation of RCW 4.96.020 and that Morsman's voluntary dismissal of her suit would be appropriate.[5]

Clark County moved for summary judgment on December 8, 2010, arguing that "[t]he proper filing of a claim for damages is a 'condition precedent to the commencement of any action claiming damages' against the County." CP at 16 (quoting RCW 4.96.010(1)). Clark County further argued that at the time Morsman filed her tort claim in 2008, former RCW 4.96.020 and the case law interpreting it required strict compliance with the tort claim notice filing procedures. Clark County contended that the legislative amendments to RCW 4.96.020 in July 2009, which required only substantial compliance with the filing procedures for tort claim notice forms, was not retroactive and should not be applied to Morsman.

In its supporting memorandum, Clark County noted that in 1987, the Board of County Commissioners codified Clark County Code § 2.95.060, and in subsection 2.95.060(A) provided that tort claims "shall be filed with the Clerk of the Board [of county commissioners for Clark County] and Summons and Complaint served upon the auditor," consistent with chapter 4.96 RCW. CP at 17. Clark County also noted that on July 8, 2003, the Board adopted Resolution

---

[4] There is no evidence in the record regarding the courier's interaction with Risk Management when the courier hand delivered the form and letter.

[5] By this point, the statute of limitations had run, barring Morsman from perfecting notice required by chapter 4.96 RCW.

2003–07–05 appointing its clerk, Richards, as the agent to receive claims for damages against Clark County.

Morsman responded that she had substantially complied with the statute and that the purposes of the statute were fulfilled because Clark County had received timely notice and had an "unfettered opportunity to investigate the claim." CP at 26. Morsman also argued that Clark County should be estopped from asserting her alleged failure to comply with the statute as a defense because it had provided her with misleading information on the tort claim notice form and sought to avoid giving guidance about where the form was to be filed.

On March 11, 2011, the trial court granted partial summary judgment in favor of Clark County on the issue of Morsman's "compliance with the procedural requirement that her tort claim notice be filed with the Clerk of the Board." CP at 119. The trial court determined the legislative amendments to RCW 4.96.020 in July 2009 did not apply retroactively and thus held Morsman to the former strict compliance standard.

The trial court also ruled there was a genuine issue of material fact regarding Morsman's claim that Clark County was "estopped from asserting that filing with [Risk Management] was improper in this case;" and it set the case for trial on that issue. CP at 120.

After a bench trial on the equitable estoppel issue, the trial court ruled that Clark County was not estopped from asserting the defense that Morsman had improperly filed the tort claim notice. The trial court entered its final judgment dismissing Morsman's complaint with prejudice on August 26, 2011. Morsman appealed.

After Morsman filed her appellate brief, we granted Clark County's motion to stay proceedings pending our decision in *Myles v. Clark County*, 170 Wn. App. 521, 289 P.3d 650 (2012), *review denied* 176 Wn.2d 1015, 297 P.3d 706 (2013). Based on our holding in *Myles*,

Morsman moved this court to consider additional evidence on appeal regarding whether the trial court should have applied RCW 4.96.020 as amended in 2009 when ruling on summary judgment and whether Morsman had sufficiently complied with the tort claim notice procedures. A commissioner of this court initially denied Morsman's motion to consider the additional evidence, and Morsman did not seek review of the commissioner's ruling by a three-judge panel. We later, however, requested additional briefing under RAP 12.1(b) to address the issue of the effects of our decision in *Myles* on Morsman's appeal.

## ANALYSIS

### I.    SUMMARY JUDGMENT

Morsman contends we have discretion to consider the trial court's grant of partial summary judgment in Clark County's favor based on her failure to file the tort claim notice form in the correct County office even though she did not argue this issue in her opening brief on appeal. Morsman further argues that we should reverse and remand this case under *Myles* because Clark County did not file its motion for summary judgment until after the statutory amendments to chapter 4.96 RCW requiring liberal construction and deeming substantial compliance with the pre-suit filing requirements sufficient. Clark County responds that because Morsman failed to appeal and assign error to the trial court's grant of partial summary judgment for Clark County, the sole issue on appeal is equitable estoppel and we may not decide this case on any other issue. We disagree.

Under RAP 1.2(a) and 12.1(b), we may decide a case on an issue not set forth in the appellant's opening brief. Here, the trial court did not have the benefit of the *Myles* decision and was unable to apply its rationale in doing justice at summary judgment. Thus, to assure that justice is done in this case, we address the trial court's grant of partial summary judgment.

6

Because we hold the trial court should have applied chapter 4.96 RCW as amended, we reverse the trial court's grant of partial summary judgment for Clark County and its dismissal of Morsman's case, and remand for further proceedings.

A.    STANDARD OF REVIEW

We review an order for summary judgment de novo, engaging in the same inquiry as the trial court. *Jones v. Allstate Ins. Co.*, 146 Wn.2d 291, 300, 45 P.3d 1068 (2002). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c).

We construe all facts and the reasonable inferences from those facts in the light most favorable to the nonmoving party. *Jones*, 146 Wn.2d at 300. Summary judgment is proper only if reasonable persons could reach but one conclusion from the evidence presented. *Bostain v. Food Express, Inc.*, 159 Wn.2d 700, 708, 153 P.3d 846 (2007). Interpretation of a statutory amendment presents only a question of law and is reviewed de novo. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002).

B.    PRECIPITATING EVENT THEORY

The trial court erred in summarily dismissing Morsman's claim on March 11, 2011, because the amendments to former RCW 4.96.020 came into effect on July 26, 2009, almost two years before Clark County filed its motion for summary judgment. Accordingly, the trial court should have applied RCW 4.96.020 as amended to Clark County's motion for summary judgment.

7

Historically, courts required strict compliance with the procedural requirements of RCW 4.96.020. *Medina v. Pub. Utility Dist. No. 1 of Benton County*, 147 Wn.2d 303, 316, 53 P.3d 993 (2002). On July 26, 2009, however, the legislature added a fifth section to former RCW 4.96.020, which reads, "With respect to the content of claims under this section and all procedural requirements in this section, this section must be liberally construed so that substantial compliance will be deemed satisfactory." LAWS OF 2009, ch. 433, § 1. An amended statute applies "'when the *precipitating event* for the application of the statute occurs *after* the effective date of the statute, even though the precipitating event had its origin in a situation existing prior to the enactment of the statute.'" *Myles*, 170 Wn. App. at 532 (quoting *Aetna Life Ins. Co. v. Wash. Life & Disability Ins. Guar. Ass'n*, 83 Wn.2d 523, 535, 520 P.2d 162 (1974)).

Here, the legislative amendments requiring *liberal construction* and deeming substantial compliance with chapter 4.96 RCW's pre-suit claim filing requirements sufficient became effective on July 26, 2009. Clark County did not move for summary judgment until December 8, 2010. Under *Myles*, even though the precipitating event had its "origin" in a situation existing prior to these statutory amendments (namely Morsman's August 12, 2005 accident and her subsequent filing of her tort claim notice with Clark County on August 8, 2008), the trial court's application of RCW 4.96.020 when it granted partial summary judgment on March 11, 2011, occurred *after* July 26, 2009, the effective date of these amendments. Had the trial court had the *Myles* case rationale before it when deciding Clark County's motion for summary judgment dismissal of Morsman's tort action, it would have known it was required to apply these 2009 legislative amendments and would have determined whether Morsman had substantially, rather than strictly, satisfied the notice provisions of chapter 4.96 RCW. Uninformed by our subsequent opinion in *Myles*, however, the trial court erred; therefore, we reverse the trial court's

8

42622-6-II

grant of partial summary judgment for Clark County and its dismissal of Morsman's tort action. We remand for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Penoyar, J.

We concur:

_____
Hunt, J.

_____
Worswick, C.J.

9