86 P.3d 1166 (2004)
151 Wash.2d 221
Jason CASTRO, Respondent,
v.
STANWOOD SCHOOL DISTRICT NO. 401, a municipal corporation; and Edmonds School District No. 15, a municipal corporation, Petitioners.
No. 73753-3.
Supreme Court of Washington, En Banc.
April 1, 2004.
Michael B. Tierney P.C., Michael Tierney, Diana V. Blakney, Mercer Island, Lee Smart Cook, et al., Duncan Fobes, Carolanne McCaskill, Seattle, for petitioners.
Messina Bulzomi Law Firm, Jeremy Adam Johnston, Stephen Bulzomi, Tacoma, Cynthia M. Morgan, Law Offices of Reseburg & Morgan, Seattle, for respondent.
Milton G. Rowland, Spokane, Daniel Brian Heid, City of Auburn, for Amicus Curiae (Wash. State Ass'n of Mun. Attorneys).
Debra Leigh Williams Stephens, Bryan Patrick Harnetiaux, Spokane, for Amicus Curiae (Wash. State Trial Lawyers Ass'n Foundation).
*1167 JOHNSON, J.
Stanwood School District No. 401 (Stanwood) and Edmonds School District No. 15 (Edmonds) were granted direct review of a Snohomish County Superior Court order that denied their motion for summary judgment dismissal of a lawsuit commenced by Jason Castro. The school districts moved to dismiss on the ground that the action was barred by the statute of limitations, arguing that the tolling provision of RCW 4.96.020(4) only extended the statute of limitations, if necessary, to the last day of a 60-day statutory "waiting period" before a plaintiff could file suit against a local governmental entity. The trial court interpreted the 60-day tolling provision to simply add 60 days to the otherwise applicable three-year statute of limitations period. We affirm.

FACTUAL AND PROCEDURAL HISTORY
Jason Castro was injured on May 9, 1997, when a fight broke out during a high school soccer game. The three-year statute of limitations on any tort suit based on Castro's injuries began to run on January 27, 1999, when he turned 18 years old. Pursuant to RCW 4.96.020(4), Castro served claims for damages against Edmonds and Stanwood on December 6 and December 7, 2001, respectively. He then filed a negligence complaint in Snohomish County Superior Court against both districts on March 1, 2002.
The districts moved for summary judgment dismissal on the ground that the action was time barred notwithstanding the tolling provision under RCW 4.96.020(4). The districts based their argument on our decision in Medina v. Public Utility District No. 1 of Benton County, 147 Wash.2d 303, 53 P.3d 993 (2002), asserting that Medina clarified that the tolling provision only acts to extend the otherwise applicable statute of limitations, if necessary, until the end of the 60-day "waiting period" after filing a nonjudicial claim under RCW 4.96.020. Under this interpretation of the tolling provision, Castro's lawsuits would be time barred.
The trial court denied the districts' summary judgment motion by an order dated March 10, 2002, interpreting the tolling provision of RCW 4.96.020(4) to temporarily stop, but then resume, the period of time within which the plaintiff must file suit. This interpretation essentially adds 60 days to the end of the otherwise applicable statute of limitations. However, the court certified the order under RAP 2.3(b)(4), stating that the order "involves a controlling question of law as to which there is a substantial ground for difference of opinion" and that immediate review "may materially advance the ultimate termination of the litigation." Clerk's Papers at 18-19. We accepted direct review under RAP 4.2(a)(4).

ANALYSIS
The standard of review on appeal of a summary judgment order is de novo. Ski Acres, Inc. v. Kittitas County, 118 Wash.2d 852, 854, 827 P.2d 1000 (1992). Additionally, interpretation of a statute is a matter of law subject to de novo review. See, e.g., State v. Karp, 69 Wash.App. 369, 372, 848 P.2d 1304 (1993).
RCW 4.96.020(4) provides:
No action shall be commenced against any local governmental entity for damages arising out of tortious conduct until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty-day period.
Although the parties present opposing interpretations of the statute's tolling provision, we essentially resolved the interpretation in Medina. In Medina, we considered among other issues whether RCW 4.96.020(4) violates the due process protections of the Fourteenth Amendment to the United States Constitution because the tolling language is too confusing. We found that the tolling language is clear and unambiguous and held that the statute does not violate due process protections. Medina, 147 Wash.2d at 314-15, 53 P.3d 993.
In Medina, we provided definitions to support our finding that the term "toll" was not ambiguous. First, we looked to the standard *1168 dictionary definition for "toll": "`to take away: make null: REMOVE .'" Medina, 147 Wash.2d at 315, 53 P.3d 993 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2405 (1986)). We also looked to BLACK'S LAW DICTIONARY, stating the definition of "toll" as follows: "`To suspend or stop temporarily as the statute of limitations is tolled during the defendant's absent [sic] from the jurisdiction and during the plaintiff's minority.'" Id. (emphasis added)(quoting BLACK'S LAW DICTIONARY 1488 (6th ed.1990)). The Black's Law Dictionary definition of "toll" we used in Medina provides two contextual examples to guide interpretation of the meaning. Specifically, the definition guides to treat the tolling of the statute of limitations the same as it is treated during the defendant's absence from the jurisdiction and during plaintiff's minority. In both contexts, "toll" is treated in the manner used by the trial court. See RCW 4.16.180 ("[T]he time of [defendant's] absence or concealment shall not be deemed or taken as any part of the time limit for the commencement of such action."); see also RCW 4.16.340(1)(c) ("[T]he time limit for commencement of an action under this section is tolled for a child until the child reaches the age of eighteen years."). Relying upon the definitions cited, we concluded that "[t]he statute expressly states that a plaintiff's statute of limitations on a tort claim is tolled, or temporarily stopped, during the 60-day waiting period required under the statute." Medina, 147 Wash.2d at 315, 53 P.3d 993. As our discussion in Medina explains, the tolling provision of RCW 4.96.020(4) temporarily stops, but then resumes, the period of time within which the plaintiff must file suit.
Additional language of the statute directs this interpretation as well. The statute expressly states that the "period of limitations... shall be tolled during the sixty-day period." RCW 4.96.020(4) (emphasis added). We must assume that use of the word "period," as opposed to "statute," by the legislature was purposeful. The common dictionary definition of "period" in this context is "a temporal unit of measure." WEBSTER'S, SUPRA, at 1680.[1] When a temporal unit of measure in the process of being measured out is temporarily stopped for a specific period of time, it resumes at the end of that specific period without a reduction in the remainder of the unit of measure.
Finally, this interpretation of the statute's tolling provision under RCW 4.96.020(4) is consistent with the tolling statute of general application, which provides:
When the commencement of an action is stayed by injunction or a statutory prohibition, the time of the continuance of the injunction or prohibition shall not be a part of the time limited for the commencement of the action.
RCW 4.16.230. As the general tolling statute explains, a tolling period generally does not take away from the time limited for the commencement of an action.
Under RCW 4.96.020(4), the tolling provision temporarily stops, but then resumes, the period of time within which the plaintiff must file a lawsuit against a local governmental entity. Essentially, the provision adds 60 days to the end of the otherwise applicable statute of limitations. We affirm.
WE CONCUR: ALEXANDER, C.J., MADSEN, SANDERS, IRELAND, BRIDGE, CHAMBERS, OWENS and FAIRHURST, JJ.
NOTES
[1] Black's Law Dictionary does not define "period," but defines "limitations period" as a "statutory period after which a lawsuit or prosecution cannot be brought in court." BLACK'S LAW DICTIONARY 939 (7th ed.1999).