[No. 60123-7-I.   Division One.   May 27, 2008.]

RONN BUSCHMANN, *Respondent*, v. JOHN KENNAUGH, *Appellant*.

*Michael C. Bolasina* (of *Stafford Frey Cooper*), for appellant.

*Jo-Hanna Gladness Read* (of *Law Office of Jo-Hanna Read*), for respondent.

¶1 Cox, J. — John Kennaugh appeals the judgment against him for intentional sexual abuse that he committed against his stepbrother, Ronn Buschmann, when they both were children. He argues that this 2005 action is untimely for the alleged abuse in the 1950s. Specifically, he argues that the extended limitations period of RCW 4.16.340 does not apply to tortious sexual conduct by juveniles. He also argues that this action should be dismissed because Buschmann lacks standing. He bases this request for relief on Buschmann's failure to list the claims here as contingent or unliquidated claims on the schedules when he filed for bankruptcy sometime in the 1970s. According to Kennaugh, the failure to list this asset in the bankruptcy means that it remains an asset of the bankrupt's estate, not a claim that Buschmann may assert. Because this action is timely under RCW 4.16.340 and we are not persuaded that dismissal for lack of standing is the proper remedy, we affirm.

¶2 Because Kennaugh does not assign error to any of the trial court's findings of fact, they are verities on appeal.[1] Moreover, he does not argue that there was any genuine issue of material fact that existed at the time the court denied his pretrial motion for summary judgment. Accordingly, we state the facts largely along the lines of the unchallenged findings following the bench trial.

¶3 Kennaugh sexually abused his stepbrother, Buschmann, when they were both children in the 1950s. Kennaugh is a little over five years older than Buschmann.

---

[1] *Robel v. Roundup Corp.*, 148 Wn.2d 35, 42, 59 P.3d 611 (2002).

¶4 The acts occurred on at least two occasions between the years 1955 and 1957. Although he experienced pain throughout that time and afterward, Buschmann was unable to appreciate the psychological nature of his injuries until sometime after June 2002.

¶5 In June 2005, Buschmann commenced this action against Kennaugh, alleging the torts of battery, assault, intentional infliction of emotional distress, childhood sexual abuse, and outrage. Kennaugh moved for summary judgment, arguing that RCW 4.16.340, the extended limitations statute, does not apply to cases of sexual abuse by children. He also argued that Buschmann does not have standing to bring this action due to his bankruptcy filing sometime between 1974 and 1976. He argued that Buschmann did not list his claims here as a potential asset. Thus, Kennaugh argued that the claims here remain an asset of the bankruptcy estate that Buschmann may not pursue on his own. The trial court denied the motion.

¶6 After a bench trial, the court found Kennaugh liable for intentional sexual abuse, awarded damages of $46,500 plus statutory costs, and entered judgment in that amount.

¶7 Kennaugh appeals.

## STATUTE OF LIMITATIONS

¶8 Kennaugh argues that RCW 4.16.340, which extends the statute of limitations in cases involving childhood sexual abuse, does not apply to him. We disagree.

¶9 Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[2] The interpretation of a statute is an issue of law that is appropriate for

---

[2] CR 56(c).

disposition on summary judgment.[3] We review the trial court's interpretation of a statute de novo.[4]

¶10 We give words in a statute their plain and ordinary meaning unless the statute indicates otherwise.[5] Where the statutory language is clear and unambiguous, we determine the statute's meaning from its language alone without considering outside sources.[6] A statute is to be considered as a whole, with effect given to all the language used.[7] Related statutory provisions are interpreted in relation to each other, and all provisions should be harmonized.[8]

¶11 Kennaugh argues that all claims in this action are barred under either a two-year or three-year statute of limitations that normally applies to tortious conduct.[9] He also contends that the extended limitations statute for intentional sexual abuse, RCW 4.16.340, does not apply to sexual acts committed by one child against another. The plain words of RCW 4.16.340 dictate otherwise.

¶12 RCW 4.16.340 states in part:

(1) All claims or causes of action based on intentional *conduct* brought by any person for recovery of damages for injury suffered *as a result of childhood sexual abuse* shall be commenced within the later of the following periods:

. . . .

(c) Within three years of the time the victim discovered that *the act* caused the injury for which the claim is brought . . . .[10]

---

[3] *Castro v. Stanwood Sch. Dist. No. 401*, 151 Wn.2d 221, 224, 86 P.3d 1166 (2004).

[4] *Id.*

[5] *C.J.C. v. Corp. of Catholic Bishop of Yakima*, 138 Wn.2d 699, 708, 985 P.2d 262 (1999).

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *See* RCW 4.16.080, .100.

[10] (Emphasis added.)

"Childhood sexual abuse" is defined as

> *any act* committed by the defendant against a complainant who was less than eighteen years of age at the time of the act and *which act would have been a violation of chapter 9A.44 RCW or RCW 9.68A.040 or prior laws of similar effect at the time the act was committed.*[11]

¶13 Under the Juvenile Justice Act of 1977, chapter 13.40 RCW, offenses are defined in reference to the general criminal law. Specifically, an "offense" under the Juvenile Justice Act is

> an act designated a violation or a crime if committed by an adult under the law of this state, under any ordinance of any city or county of this state, under any federal law, or under the law of another state if the act occurred in that state. . . .[12]

¶14 Reading these statutes together, it is clear that an "act" for purposes of the "childhood sexual abuse" definition includes any violation of the cited criminal statutes. Likewise, "offenses" under the Juvenile Justice Act include the same criminal statutes. Because juvenile offenses share the same definitions as the criminal law, nothing in the plain language of RCW 4.16.340 limits its application to those who are adult perpetrators. The statute unambiguously applies to children as well as adult defendants.

¶15 Here, the trial court properly applied RCW 4.16.340 to Buschmann's intentional sexual abuse claim against Kennaugh. Specifically, statutes in effect in the 1950s criminalized sodomy and indecent liberties.[13] Kennaugh's acts against Buschmann meet the elements of those crimes.[14] Then, as now, juveniles could be punished

---

[11] RCW 4.16.340(5) (emphasis added).

[12] RCW 13.40.020(19); *see also* RCW 13.40.0357 (describing juvenile offenses and corresponding sentences by reference to crimes in the adult criminal statutes).

[13] Former RCW 9.79.100 (1937); former RCW 9.79.080(2) (1955).

[14] Buschmann testified that Kennaugh touched him in ways that would have constituted sodomy (carnally knowing a person with the mouth or submitting to

for a violation of offenses such as these.[15] Thus, the acts qualify under the definition of "childhood sexual abuse." The court properly decided that RCW 4.16.340 extends the statute of limitations for Buschmann's claim for childhood sexual abuse.

¶16 Kennaugh argues that juveniles were unable to commit "crimes" in the 1950s, as they are now. He states that "[u]nder the clear language of the statute, the act must have constituted a crime."[16] That is incorrect.

¶17 RCW 4.16.340 does not reference "crimes," it refers to "acts" and "conduct." It does not require that a "crime" was committed. It merely defines "childhood sexual abuse" with reference to definitions of crimes in the criminal code—the same definitions referenced in the Juvenile Justice Act.

¶18 Kennaugh also argues that the "legislative history" of RCW 4.16.340 illustrates that the legislature never intended to extend the limitations in cases involving child abusers.[17] Because the plain words of the statute make clear the legislature's intent, there is no need to construe the statute by looking to legislative history or other documents.[18]

¶19 We affirm the judgment.

---

such carnal knowledge) and indecent liberties (indecent or obscene exposure with a minor). *See* Report of Proceedings (Mar. 20, 2007) at 197-98.

[15] Former RCW 13.08.080 (1905).

[16] Br. of Appellant at 13.

[17] Kennaugh provided this court with undated copies of the following two documents: Memorandum prepared by Northwest Women's Law Center, "Proposed Legislation Regarding the Statute of Limitations for Civil Suits Brought by Adult Survivors of Incest or Childhood Sexual Abuse," and Memorandum prepared by Jana Mohr representing Patti Barton, "Summary of Legislation Regarding the Statute of Limitations in Civil Childhood Sexual Abuse Cases." Both were cited in *C.J.C.*, 138 Wn.2d at 713 n.6 (characterizing these memoranda as "brief summaries").

[18] *See C.J.C.*, 138 Wn.2d at 708 (citing *Multicare Med. Ctr. v. Dep't of Soc. & Health Servs.*, 114 Wn.2d 572, 582, 790 P.2d 124 (1990)).

¶20 The remaining issues in this opinion are not of precedential importance. Accordingly, the remainder of this opinion is not published.[19]

AGID and APPELWICK, JJ., concur.

Review denied at 165 Wn.2d 1020 (2009).