2015 SEP 28 AM 9: 5J



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | ) |
| Respondent, | ) No. 72299-9-I |
| | ) |
| | ) DIVISION ONE |
| v. | ) |
| | ) |
| B.A.W., | ) UNPUBLISHED OPINION |
| DOB: 08/18/2000, | ) |
| | ) |
| Appellant. | ) FILED: September 28, 2015 |
| | ) |

APPELWICK, J — The State charged B.W. with rape of a child in the first degree. The juvenile court found him guilty of attempted rape of a child in the first degree and entered a sexual assault protection order. Because the attempt adjudication was a lesser included offense, the court did not improperly convict B.W. of an uncharged offense or violate his constitutional right to notice. We therefore affirm the adjudication of guilt. We remand solely to permit the juvenile court to correct the expiration date of the sexual assault protection order.

## FACTS

The State charged B.W. with two counts of rape of a child in the first degree and one count of child molestation in the first degree. Following an adjudication hearing in July 2014, the juvenile court found B.W. not guilty on the child molestation count and not guilty on one of the child rape counts. As to the second child rape

count, the court concluded that the State had not proved sexual intercourse, but found B.W. guilty of attempted rape of a child in the first degree.

B.W. moved to set aside the verdict, arguing that the juvenile court's consideration of the lesser included attempt offense, without a request from either party, interfered with the executive branch's charging authority and thereby violated the separation of powers doctrine. The juvenile court denied the motion, concluding that consideration of a lesser offense does not involve a charging decision.

The court initially imposed an exceptional manifest injustice disposition downward, including 30 days of detention and 24 months of community supervision. Based on the parties' stipulation, the court later rescinded the manifest injustice disposition and imposed a standard range disposition of 15 to 36 weeks detention. The court also entered a sexual assault protection order with an expiration date of August 7, 2099.

## DISCUSSION

On appeal, B.W. has abandoned his claim that the juvenile court violated the separation of powers doctrine. Rather, he contends for the first time that the juvenile court has authority to find a juvenile guilty of only the specific charged offense. He argues that by finding him guilty of an uncharged lesser included offense, the juvenile court violated the notice provisions of the Washington Constitution. He asserts that his adjudication and disposition must therefore be reversed.

An appellate court generally will not consider issues raised for the first time on appeal unless the claimed error is a "manifest error affecting a constitutional right." RAP 2.5(a); see generally State v. O'Hara, 167 Wn.2d 91, 97-98, 217 P.3d 756 (2009). To satisfy the requirements of RAP 2.5(a), an appellant must " 'identify a constitutional error and show how the alleged error actually affected the [appellant]'s rights at trial.' " O'Hara, 167 Wn.2d at 98 (alteration in original) (quoting State v. Kirkman, 159 Wn.2d 918, 926-27, 155 P.3d 125 (2007)).

Under Washington Const. art. I, § 22, "the accused shall have the right . . . to demand the nature and cause of the accusation against him." Generally, under this provision, "a defendant can be tried and convicted only of crimes with which he or she is charged." State v. Berlin, 133 Wn.2d 541, 544, 947 P.2d 700 (1997).

But, the defendant's constitutional right to notice "is only a right to be tried on a charge 'contained in' the indictment or information." State v. Bandura, 85 Wn. App. 87, 95, 931 P.2d 174 (1997) (quoting Schmuck v. United States, 489 U.S. 705, 717, 109 S. Ct. 1443, 103 L. Ed. 2d 734 (1989)). The jury—or the judge in a bench trial — may find the defendant guilty of a lesser included offense or a lesser degree offense of any crimes included in the original information. See RCW 10.61.006 ("[T]he defendant may be found guilty of an offense the commission of which is necessarily included within that with which he or she is charged in the indictment or information."); RCW 10.61.003 ("[F]or an offense consisting of different degrees, the

jury may find the defendant . . . guilty of any degree inferior thereto, or of an attempt to commit the offense.").

An attempt to commit the charged crime is also a lesser included offense. State v. Gallegos, 65 Wn. App. 230, 234, 828 P.2d 37 (1992). RCW 10.61.010 states in part:

> Upon the trial of an indictment or information, the defendant may be convicted of the crime charged therein, or of a lesser degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a lesser degree of the same crime.

The lesser included offense statutes, which codify the common law rule, have their origins in the 1854 Legislature of the Washington Territory. Berlin, 133 Wn.2d at 545. As early as 1894, our Supreme Court interpreted these statutes to encompass the constitutional notice requirements:

> Because the defendant must have notice of the offense of which he or she is charged, the elements of any lesser included offense must necessarily be included in the elements of the offense as charged. A defendant thus implicitly receives constitutionally sufficient notice.

Id.; see also State v. Ackles, 8 Wash. 462, 464-65, 36 P. 597 (1894). Because RCW 10.61.003, .006, and .010 provide the requisite constitutional notice, the State need not expressly notify defendants that they may be convicted of lesser included or lesser degree offenses. See State v. Pelkey, 109 Wn.2d 484, 487-88, 745 P.2d 854 (1987). The statutory exceptions apply equally to jury trials and bench trials. See State v. Peterson, 133 Wn.2d 885, 892-93, 948 P.2d 381 (1997); In re Pers.

-4-

Restraint of Heidari, 159 Wn. App. 601, 609-10, 248 P.3d 550 (2011), aff'd, 174 Wn.2d 288, 274 P.3d 366 (2012).

B.W. contends that unlike the adult criminal justice system, the juvenile court has no authority to find a juvenile guilty of an uncharged lesser included offense. He relies primarily on RCW 13.04.450:

> The provisions of chapters 13.04 and 13.40 RCW, as now or hereafter amended, shall be the exclusive authority for the adjudication and disposition of juvenile offenders except where otherwise expressly provided. Chapter 10.22 RCW does not apply to juvenile offender proceedings, including diversion, under chapter 13.40 RCW.

B.W. claims that because chapters 13.04 and 13.40 RCW do not expressly authorize conviction for an uncharged offense or incorporate the relevant provisions of chapter 10.61 RCW, the juvenile court violated his due process rights by finding him guilty of the uncharged attempt offense.

RCW 13.40.450 reflects the legislature's general attempt "to provide a comprehensive framework addressing all aspects of how an offender is to be charged, prosecuted, and punished." State v. G.A.H., 133 Wn. App. 567, 577, 137 P.3d 66 (2006). But, contrary to B.W.'s suggestion, the provisions of RCW 13.04.450 do not operate in isolation. The juvenile court's authority to adjudicate juvenile offenses necessarily encompasses a variety of procedural and substantive criminal law principles. See, e.g., State v. E.C., 83 Wn. App. 523, 528, 922 P.2d 152 (1996) (RCW 13.04.450 does not preclude application of RCW 10.77 to juvenile competency determinations); JuCR 1.4(b) ("Superior Court Criminal Rules shall apply in juvenile

offense proceedings when not inconsistent with these rules and applicable statutes.").

Moreover, juvenile offenses are defined "in reference to the general criminal law." Buschmann v. Kennaugh, 144 Wn. App. 776, 780-81, 183 P.3d 1124 (2008) (extended limitations period of RCW 4.16.340 for tortious sexual conduct applies to both juveniles and adult defendants). For purposes of the Juvenile Justice Act of 1977, chapter 13.40 RCW, an "offense" means

> an act designated a violation or a crime if committed by an adult under the law of this state, under any ordinance of any city or county of this state, under any federal law, or under the law of another state if the act occurred in that state.

RCW 13.40.020(21); see also RCW 13.40.0357 (defining disposition and sentencing standards in light of adult criminal statutes, including attempt crimes).

Because juvenile offenses are expressly based on adult criminal statutes, B.W.'s claim that RCW 13.04.450 restricts the juvenile court's authority to apply substantive criminal law statutes, including the lesser included offense statutes, is not persuasive. See E.C., 83 Wn. App. at 528 n.3 ("The explicit exclusion of [chapter] 10.22 [RCW] to juvenile offender proceedings found in RCW 13.04.450 is evidence that the legislature generally contemplated the application of Title 10, including [chapter] 10.77 [RCW], to juvenile offender proceedings."). The allegations in the information charging B.W. with rape of child in the first degree were sufficient to provide notice that the court could find him guilty of lesser included offenses. The

juvenile court did not violate B.W.'s constitutional right of notice when it found him guilty of attempted child rape in the first degree.

B.W. also contends that the trial court exceeded its authority when it entered a sexual assault protection order (SAPO) that did not expire until 2099. RCW 7.90.150(6)(c) limits the duration of a post-conviction sexual assault protection order to "two years following the expiration of any sentence of imprisonment and subsequent period of community supervision, conditional release, probation, or parole." The State concedes that in light of B.W.'s standard range disposition of 15-36 weeks confinement, the SAPO exceeded the statutory maximum. We accept the State's concession.

We affirm the juvenile court's adjudication of guilt. We remand only to permit the trial court to correct the expiration date of the SAPO in accordance with RCW 7.90.150(6)(c).

WE CONCUR:

_____

_____   Appelwick, J.

Cox, J.