# COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | | |
|---|---|---|
| WILLIAM RUMBURG and CAROL RUMBURG, husband and wife and the marital community comprised thereof, | ) ) ) ) | No. 34572-6-III |
| Appellants, | ) ) | ORDER WITHDRAWING OPINION |
| v. | ) ) ) | |
| FERRY COUNTY PUBLIC UTILITY DISTRICT #1, A PUBLIC UTILITY COMPANY; and JOHN DOE(S), | ) ) ) ) | |
| Respondents. | ) | |

THE COURT on its own motion finds that the opinion filed November 16, 2017, should be withdrawn. Therefore,

IT IS ORDERED, the court's opinion filed November 16, 2017, is hereby withdrawn and a new opinion will be filed this day.

PANEL: Judges Siddoway, Pennell, Korsmo

FOR THE COURT:

_____
GEORGE B. FEARING, Chief Judge

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| WILLIAM RUMBURG and CAROL RUMBURG, husband and wife and the marital community comprised thereof, | ) ) ) ) | No. 34572-6-III |
| Appellants, | ) ) | |
| v. | ) ) | PUBLISHED OPINION |
| FERRY COUNTY PUBLIC UTILITY DISTRICT #1, A PUBLIC UTILITY COMPANY; and JOHN DOE(S), | ) ) ) ) ) | |
| Respondents. | ) | |

SIDDOWAY, J. — At issue is whether William and Carol Rumburg timely filed suit under tolling and grace periods provided by RCW 4.96.020, the local government tort claim filing statute. After serving a second notice of claim on local government defendants and allowing 60 days for the defendants to respond, the Rumburgs relied on the statutory 5-day grace period in filing suit. The respondents contend that the 5-day grace period could apply only after the Rumburgs' first, early, notice of claim.

In resolving reasonable questions about how the tolling provision operates, the Washington Supreme Court has provided a bright-line clarification, repeated several times in published decisions, that the tolling provision adds 60 days to the end of the

otherwise applicable statute of limitations. Given this construction of the statute and its 2009 amendment requiring procedural requirements to be "liberally construed so that substantial compliance will be deemed satisfactory," we construe RCW 4.96.020(4) to apply the 5-day grace period after the 60-day extension of the statute of limitations. The Rumburgs' action was timely.

## PROCEDURAL BACKGROUND

On July 16, 2012, William Rumburg suffered injuries at an event in Republic City Park from the collapse of a tent set up by Ferry County Public Utility District No. 1 (PUD). Mr. Rumburg submitted a handwritten notice of tort claim to the PUD on November 30, 2012.

Nearly two and a half years later, on June 28, 2015, the Rumburgs had their first consultation with their current lawyer. The lawyer, unaware of the earlier notice of tort claim, filed a second notice of claim on July 14, 2015. Sixty-three days later, on September 15, 2015, he filed a summons and complaint.

The PUD eventually filed a motion to dismiss the Rumburgs' action as time barred, based on the more than 3 year and 60 day passage of time between Mr. Rumburg's July 16, 2012 injury and the September 15, 2015 commencement of the lawsuit.[1] The trial court granted the motion to dismiss. The Rumburgs appeal.

---

[1] The parties do not dispute that the three year statute of limitations provided by RCW 4.16.080 applies.

2

## ANALYSIS

In chapter 4.96 RCW, the legislature has waived the sovereign immunity of local government entities and their officers, employees or volunteers, but has required that "[f]iling a claim for damages within the time allowed by law shall be a condition precedent to the commencement of any action claiming damages." RCW 4.96.010(1). After a notice of a tort claim is presented to a local government defendant, the plaintiff must wait until 60 days have elapsed before commencing a lawsuit. RCW 4.96.020(4). "The purpose of this claim is 'to allow government entities time to investigate, evaluate, and settle claims' before they are sued." *Renner v. City of Marysville*, 168 Wn.2d 540, 545, 230 P.3d 569 (2010) (quoting *Medina v. Pub. Util. Dist. No. 1 of Benton County*, 147 Wn.2d 303, 310, 53 P.3d 993 (2002)).

The notice of claim requirement would effectively shorten the limitations period for tort claims against local government defendants by 60 days were it not for parallel language in RCW 4.96.020(4) that tolls the period of limitations for 60 days.

Although it is never a good idea to wait to commence a lawsuit until shortly before the statute of limitations expires, procrastination proved especially perilous for parties suing local government defendants under former RCW 4.96.020(4) (2006). For a plaintiff whose action would otherwise become time-barred in the 60 days following a notice of claim, there was at most one day on which suit could be commenced without

3

being too early (and violating the 60-day waiting rule) or being too late (and time-barred).[2] The difficulty was illustrated in *Medina*.

In that case, the plaintiff filed his notice of tort claim for personal injury 2 days before the statute of limitations would expire. *Medina*, 147 Wn.2d at 307. The county denied the claim after only a week. *Id.* at 308. The plaintiff then waited until 56 days had passed from the date of his notice of claim before filing suit. *Id.* Although his lawsuit was timely under the statute of limitations given the 60-day tolling period, our Supreme Court affirmed dismissal of the lawsuit because he commenced suit too soon: he did not wait for the full 60-day waiting period to run. *Id.* at 307. The court refused to construe the statute as creating a variable waiting period that ended in Mr. Medina's case when the PUD denied his claim. *Id.* at 318.

In a dissenting opinion, Justice Chambers identified the problem with the identical 60-day waiting and tolling periods for plaintiffs who present a notice of claim within 60 days of the expiration of the statute of limitations. Because such actions would become time-barred during the waiting period but for the companion tolling period—and because the tolling period is exactly equal to, not longer than, the waiting period—"Medina was

---

[2] We say "at most," because in *Troxell v. Rainier Public School District No. 307*, the Supreme Court recognized that given its construction of the statute, a claimant who waited until the last day of the original statute of limitations period to serve notice of a claim would find it impossible to both comply with the waiting period and commence suit before becoming time-barred. 154 Wn.2d 345, 356, 111 P.3d 1173 (2005); *and see id.* at 364 (Chambers, J., dissenting).

4

required by unyielding law to file his complaint on a *single magic date*; precisely 60 days after the notice was filed. . . . No margin of error, according to the majority, is permitted, even an error in favor of timely compliance." *Medina*, 147 Wn.2d at 327-28 (Chambers, J., dissenting) (emphasis added).

In 2009, RCW 4.96.020(4) was amended. Arguably in response to this timing difficulty for plaintiffs with claims against local government defendants, the amendments provided a 5-day grace period. Statutory construction of that amendment and earlier-enacted language identifying the 60-day waiting and tolling periods proves critical here.

Statutory interpretation is a question of law that we review de novo. *Jametsky v. Olsen*, 179 Wn.2d 756, 761, 317 P.3d 1003 (2014). Our fundamental objective is to ascertain and carry out the legislature's intent, and if a statute's meaning is plain on its face, we give effect to that plain meaning as an expression of legislative intent. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002) "If the statutory language is susceptible to more than one reasonable interpretation, then a court may resort to statutory construction, legislative history, and relevant case law for assistance in discerning legislative intent." *Christensen v. Ellsworth*, 162 Wn.2d 365, 373, 173 P.3d 228 (2007).

Applying the statute to the facts of this case, we agree with the PUD that only the Rumburgs' first, November 30, 2012 notice of claim triggered a 60-day waiting period.

That result follows from the plain "first presented" language of RCW 4.96.020(4)

highlighted below:

> No action subject to the claim filing requirements of this section shall be commenced . . . until sixty calendar days have elapsed after the claim *has first been presented* to the agent of the governing body thereof.

(Emphasis added.) This is not a case in which the Rumburgs filed two substantively

different claims. *Cf. Medina*, 147 Wn.2d at 310 (property and personal injury claims

were distinct and separate, and each was subject to RCW 4.96.020(4)).

The 60 days elapsing after the Rumburgs' claim was "first presented" ran from

November 30, 2012 to January 29, 2013, a period when they were not at risk of their

claim becoming time-barred and did not need the statute of limitations "tolled," in the

sense of "take[n] away," "ma[de] null," or "remove[d]." *See* WEBSTER'S THIRD NEW

INTERNATIONAL DICTIONARY at 2405 (1993). In this respect, their case is like *Castro v.*

*Stanwood School District No. 401*, 151 Wn.2d 221, 86 P.3d 1166 (2004), in which a

student's notice of claim was presented to the school district well before the expiration of

any limitation period. The district argued that RCW 4.96.020 should be construed as

only tolling the statute of limitations if needed to carry a plaintiff to the end of the 60-day

waiting period. *Castro*, 151 Wn.2d at 223. Since the student did not need the 60-day

reprieve to avoid a time bar, the district argued he was not entitled to extend the

limitations period by 60 days. The Supreme Court disagreed. It concluded that the

legislature intended to assure a person injured by the negligence of a local government

defendant the entire number of days provided by the three-year statute of limitations period, and that days lost to the waiting period must be made up later. "Essentially, the provision adds 60 days to the end of the otherwise applicable statute of limitations." *Id.* at 226.

The fact that the Rumburgs did not enjoy a second 60-day period following their second notice of claim is not what led to dismissal of their claims. Their lawyer, unaware of the first notice of claim, assumed that the statute of limitations on the Rumburgs' claim would expire on July 16, 2015. Given their right to have 60 days added, the limitations period would expire instead on September 14, 2015. The Rumburgs are not contending they were entitled to two 60-day tolling periods.

Rather, the parties' dispute is over whether the Rumburgs could claim the benefit of a five-day grace period for filing suit, added by amendment in 2009. The following sentence was added to RCW 4.96.020(4) by the 2009 legislation:

> For the purposes of the applicable period of limitations, an action commenced within five court days after the sixty calendar day period has elapsed is deemed to have been presented on the first day after the sixty calendar day period elapsed.

LAWS OF 2009, ch. 433, § 1.

The Rumburgs' lawyer waited 60 calendar days from the second notice of claim, or until Sunday, September 13, 2015, and relying on the 5-day grace period filed the summons and complaint on Tuesday, September 15. The last day to file *without* the 5-

7

day grace period was Monday, September 14, 2015. The last day to file *with* the 5-day grace period was Friday, September 18, 2015.

The language in the amendment to RCW 4.96.020(4) critical to this appeal is "an action commenced within five court days after *the sixty calendar day period* has elapsed." (Emphasis added.) There are arguably two "sixty calendar day period[s]" addressed by the statute, since RCW 4.96.020(4) "has two subparts. One subpart sets the time that a government entity must be given to investigate and settle a claim, and the other tolls the statute of limitation during that time." *Troxell v. Rainier Pub. Sch. Dist. No. 307*, 154 Wn.2d 345, 361, 111 P.3d 1173 (2005) (Chambers, J., dissenting). The *waiting period* has been characterized as a period of "intervening days." *Id.* at 354-55. By contrast, the *tolling provision* has been consistently characterized as "'add[ing] 60 days to the end of the otherwise applicable statute of limitations.'" *Id.* at 349 n.2 (quoting *Castro*, 151 Wn.2d at 226); *accord Estate of Connelly v. Snohomish County Pub. Util. Dist. No. 1*, 145 Wn. App. 941, 945, 187 P.3d 842 (2008). It was clear before the 2009 amendment that the tolling provision added 60 days to the end of the otherwise applicable statute of limitations, so it is not clear which "sixty calendar day period" the 5-day grace period is intended to follow.

A new subsection (5) added to RCW 4.96.020 by the 2009 legislation tells us how to construe the statute in the event its language is not clear:

8

> With respect to the content of claims under this section and all procedural requirements in this section, this section must be liberally construed so that substantial compliance will be deemed satisfactory.

LAWS OF 2009, ch. 433, § 1. Our Supreme Court has interpreted "substantial compliance" in the context of claim filing statutes to require that the claimant make a bona fide attempt to comply with the law and that its actions actually accomplish or advance the statute's purpose. *Renner*, 168 Wn.2d at 545-46 (citing *Brigham v. City of Seattle*, 34 Wn.2d 786, 789, 210 P.2d 144 (1949)).

The Rumburgs have demonstrated a bona fide attempt to comply with the law, and the filing of a second, lawyer-prepared notice of claim following the earlier notice handwritten by Mr. Rumburg advanced the statute's purpose. Liberally construing the statute to allow for substantial compliance supports construing the 5-day grace period as following the 60-day extension of the statute of limitations.[3]

The PUD nonetheless argues that there is some evidence the legislature intended the 5-day grace period to address the timing trap that arose only for claimants providing late notices of claim, whose waiting period coincides with the 60 days added to the otherwise applicable statute of limitations. In essence, the PUD argues that the 5-day grace period was only intended to help tort claimants who "needed" the margin of error.

---

[3] Construing RCW 4.96.020(4) in this way is different from holding that a tort claimant can substantially comply with the statute of limitations. We agree with the PUD that allowing substantial compliance with the limitations period provided by RCW 4.16.080 would be problematic.

But construing the statute as extending the benefit of the 5-day grace period to all tort claimants is consistent with the Supreme Court's earlier construction of RCW 4.96.020(4) as extending the benefit of an additional 60 days to all tort claimants, not just those who "needed" the extra 60 days. Local governments cannot reasonably complain about a merely 5-day margin of error being extended to all tort claimants.

We reverse the trial court's dismissal of the Rumburgs' complaint and remand for further proceedings.

Siddoway, J.

WE CONCUR:

Korsmo, J.

Pennell, J.

10