# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| WASHINGTON FEDERAL, NATIONAL ASSOCIATION, | No. 51197-5-II |
| Respondent, | |
| v. | |
| PACIFIC COAST CONSTRUCTION, LLC, a Washington limited liability company; DAVID M. FERDERER; GARY M. CLINE and REBECCA J. CLINE, individually and the marital community comprised thereof, | UNPUBLISHED OPINION |
| Appellants. | |

MELNICK, J. — Pacific Coast Construction, LLC (PCC), David M. Ferderer, and Gary and Rebecca Cline (collectively Appellants) appeal from an order granting Washington Federal, National Association (Washington Federal) summary judgment. The order included a decree of foreclosure on a deed of trust executed by Ferderer and the Clines. The Appellants also appeal the trial court's denial of their motion to reconsider the grant of summary judgment. They claim the statute of limitations barred the action.

Because an automatic stay in bankruptcy prohibited actions against the subject property, the statute of limitations was tolled and the court properly granted summary judgment. We affirm.

FACTS

I.      BACKGROUND

Ferderer and the Clines owned PCC, a real estate development company.  On May 16, 2008, PCC took out an $850,000 line of credit from Horizon Bank.  PCC executed a promissory note in the principal amount of $850,000.  The note matured on May 9, 2009.  Horizon Bank advanced a total of $848,236.07 on the line of credit.

Ferderer and the Clines executed a deed of trust securing the note.  The deed of trust encumbered nine parcels of real estate located in Pierce County, including the parcels Washington Federal seeks to foreclose upon in this case.

PCC did not pay off the note on the maturity date.  In an e-mail dated September 17, 2009, Horizon Bank notified Ferderer that PCC's account was "past due with a current principal balance of $848,236.07."  Clerk's Papers (CP) at 175.

In early 2010, Washington Federal agreed to purchase Horizon Bank's assets.  The Federal Deposit Insurance Corporation (FDIC), acting as receiver for Horizon Bank, assigned all beneficial interest under the deed of trust to Washington Federal. On February 10, 2011, Washington Federal recorded the assignment.  The FDIC also endorsed PCC's note to the order of Washington Federal.

On July 28, Ferderer and the Clines each filed petitions for Chapter 7 bankruptcy. Washington Federal filed creditor claims in each case.  From the bankruptcy proceedings, Washington Federal received the following payments due under the note.  The bankruptcy trustee in the Clines' case distributed $963.61 to Washington Federal on April 2, 2013, and the Clines' case closed the next day.  The bankruptcy trustee in Ferderer's case distributed $13,434.71 to

Washington Federal on May 1, 2014, and the case closed three weeks later.[1] In the bankruptcy proceedings, an automatic stay occurred and applied to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

II.     PROCEDURAL FACTS

On October 26, 2016, Washington Federal filed a complaint in Pierce County Superior Court seeking judicial foreclosure on the deed of trust. Washington Federal sought to foreclose on two of the eleven lots of real property encumbered by the deed of trust. Washington Federal alleged in part, that it held the note and had a superior interest in the deed of trust to any interest of the Appellants.

On December 5, the Appellants sought dismissal of the complaint. As relevant to this case, they argued that the statute of limitations for judicial foreclosure on a deed of trust barred the action.

Washington Federal moved for summary judgment, arguing that Ferderer's and the Clines' bankruptcy proceedings tolled the statute of limitations.[2] The trial court granted summary judgment in favor of Washington Federal, and entered a decree of foreclosure against the deed of trust.

The Appellants moved for reconsideration and the court denied it. The Appellants appeal.

---

[1] The case closes when the trustee submits its final report to the court and asks to be discharged as trustee. At that point, the "case is fully administered." CP at 68.

[2] Washington Federal also argued that the statute of limitations did not bar the action because the bankruptcy trustee made payments on the note during the bankruptcy proceedings.

ANALYSIS

The Appellants argue that the court erred in granting summary judgment because Washington Federal did not file its action for foreclosure on the deed of trust within the six-year statute of limitations. They contend that the automatic stays prohibiting actions against property in Ferderer's and the Clines' bankruptcy estates were not absolute, and therefore did not toll the statute of limitations.[3] We disagree.

I.     STANDARDS OF REVIEW

We review summary judgment orders de novo, engaging in the same inquiry as the trial court and viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 501, 115 P.3d 262 (2005); *Jones v. Allstate Ins. Co.*, 146 Wn.2d 291, 300, 45 P.3d 1068 (2002). "Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 195 Wn. App. 423, 435, 382 P.3d 1 (2016); *Wash. Fed. v. Harvey*, 182 Wn.2d 335, 340, 340 P.3d 846 (2015); CR 56(c).

We also review de novo whether the applicable statute of limitations bars a claim. *4518 S. 256th, LLC*, 195 Wn. App. at 435.

We review the denial of a motion for reconsideration for abuse of discretion. *Martini v. Post*, 178 Wn. App. 153, 161, 313 P.3d 473 (2013). A trial court abuses its discretion if its

---

[3] The Appellants also argue that the bankruptcy trustees' payments did not affect the statute of limitations under RCW 4.16.270. They claim that the bankruptcy trustees were not their agents, and that the trustees' payments were therefore involuntary, and not a confirmation of debt by the Appellants. Because we resolve this case on other grounds, we do not address this issue.

"decision is manifestly unreasonable or based on untenable grounds." *Martini*, 178 Wn. App. at 161.

II.     STATUTE OF LIMITATIONS

"A statute of limitation bars a plaintiff from bringing an accrued claim after a specific period of time." *WA State Major League Baseball Stadium Pub. Facilities Dist. v. Huber, Hunt & Nichols-Kiewit Constr. Co.*, 176 Wn.2d 502, 511, 296 P.3d 821 (2013); *Duke v. Boyd*, 133 Wn.2d 80, 92, 942 P.2d 351 (1997). The party asserting a statute of limitations as an affirmative defense bears the burden of proving that it bars a claim. *Rivas v. Overlake Hosp. Med. Ctr.*, 164 Wn.2d 261, 267, 189 P.3d 753 (2008).

We agree with the parties that a six-year statute of limitations applies in this case. RCW 4.16.040(1) provides for a six-year limitation on the commencement of an "action upon a contract in writing, or liability express or implied arising out of a written agreement." However, a statute of limitations is tolled when "the commencement of an action is stayed by . . . a statutory prohibition." RCW 4.16.230. The tolling period ends when the relevant stay is lifted.

We also agree with the parties that the statute of limitations started to run on May 9, 2009, the maturity date of the note secured by the deed of trust. "Statutes of limitations do not begin to run until a cause of action accrues." *1000 Virginia Ltd. P'ship v. Vertecs Corp.*, 158 Wn.2d 566, 575, 146 P.3d 423 (2006); RCW 4.16.005. When the note secured by the deed of trust has a stated maturity date, the right to seek judicial foreclosure on the deed of trust accrues on that date. *Strong v. Sunset Copper Co.*, 9 Wn.2d 214, 221, 114 P.2d 526 (1941); *4518 S. 256th, LLC*, 195 Wn. App. at 433-34.

If the bankruptcy proceedings did not toll the six-year statute of limitations, it would have expired on May 11, 2015. CR 6(b); *Stikes Woods Neigh. Ass'n v. City of Lacey*, 124 Wn.2d 459, 466, 880 P.2d 25 (1994). Washington Federal filed its action on October 26, 2016.

A statutory tolling period "temporarily stops, but then resumes, the period of time within which the plaintiff must file suit." *Castro v. Stanwood Sch. Dist. No. 401*, 151 Wn.2d 221, 225, 86 P.3d 1166 (2004). Tolled means some condition is preventing the commencement of an action, and suspends the statutory limitation period. *Castro,* 151 Wn.2d at 225. When the condition ceases to exist, the limitation period usually resumes; in effect, the clock starts to tick again on the limitations period. *Castro,* 151 Wn.2d at 225-26.

A. Tolling of The Statute of Limitations Under The Federal Bankruptcy Code's Automatic Stay Statute

The Appellants argue that the automatic stay provisions of the bankruptcy code were not absolute, and were therefore not "prohibitions" on judicial foreclosure actions tolling the statute of limitations under RCW 4.16.230. They rely on *McDermott v. Tolt Land Co.*, 101 Wn. 114, 172 P. 207 (1918), to suggest that Washington Federal could have filed petitions in the bankruptcy proceedings to lift the stays and foreclose on the deed of trust. We disagree.

11 U.S.C. § 362(a)(3) provides that an automatic stay applies to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." This statutory prohibition tolls the statute of limitations. RCW 4.16.230; *Merceri v. Deutsche Bank AG*, 2 Wn. App.2d 143, 149, 151, 408 P.3d 1140, *review denied*, No. 95654-5 (2018). Automatic stays imposed during bankruptcy prohibit a creditor from bringing a foreclosure action against the property of the bankruptcy estate, unless the plaintiff obtains relief from the stay. *Merceri*, 2 Wn. App.2d at 151. "The automatic stay remains in force until the

property at issue 'is no longer property of the estate.'" *Merceri*, 2 Wn. App.2d at 148 (quoting 11 U.S.C. § 362(c)(1)).

In *Merceri*, the bank seeking foreclosure argued that an automatic stay of actions during the debtor's bankruptcy proceedings tolled the statute of limitations on its action for judicial foreclosure of a defaulting debtor's home. 2 Wn. App.2d at 146. The trial court granted partial summary judgment in favor of the defaulting debtor, after ruling that the statute of limitations barred the action. *Merceri*, 2 Wn. App.2d at 145-46. The appellate court reversed, holding that, "[u]nder the plain language of RCW 4.16.230, the [six-year] statute of limitations [set out in RCW 4.16.040] is tolled during [a] bankruptcy stay." *Merceri*, 2 Wn. App.2d at 151. The court in *Merceri* rejected the debtor's argument that bankruptcy stays did not fall within the tolling provision of RCW 4.16.230. *Merceri*, 2 Wn. App.2d at 152-53.

The debtor relied on *McDermott*. *Merceri*, 2 Wn. App.2d at 152-53. *Merceri* noted that at the time of *McDermott*, in 1918, "a creditor could bring a foreclosure action during bankruptcy by suing the bankruptcy trustee." 2 Wn. App.2d at 152. Notably, 11 U.S.C. § 362(a)(3) was enacted in 1978, sixty years after *McDermott* was decided. Pub. L. 95–598, Nov. 6, 1978, 92 Stat. 2570. Therefore, at the time of *McDermott*, a bankruptcy did not constitute a statutory prohibition against foreclosure. *Merceri*, 2 Wn. App.2d at 152.

Additionally, *Merceri* rejected the debtor's argument that possible relief from automatic bankruptcy stays meant the stays were not statutory prohibitions under RCW 4.16.230. 2 Wn. App.2d at 153. The debtor argued that a stay in bankruptcy did not constitute a statutory tolling because a creditor could move for relief from the stay. *Merceri*, 2 Wn. App.2d at 154. The appellate court rejected the argument. *Merceri*, 2 Wn. App.2d at 154. "[T]he fact that [a party]

could have sought relief from the stay has no bearing on whether the stay is a statutory prohibition." *Merceri*, 2 Wn. App.2d at 153.

We conclude that the automatic stays in Ferderer's and the Clines' bankruptcy proceedings tolled the statute of limitations on Washington Federal's action for judicial foreclosure.

The Clines' bankruptcy lasted for 21 months and Federer's bankruptcy lasted for 34 months, until May 22, 2014. During that period, the bankruptcy statutes prevented Washington Federal from taking action against the property. The 34-month period excluded from the statute of limitations meant Washington Federal filed its lawsuit within the applicable statute of limitations. The six-year statute of limitations expired in February 2018. Washington Federal commenced its action for judicial foreclosure on October 26, 2016. CP at 1-37. Because the filing of the action did not violate the six-year statute of limitation, the trial court did not err.

III.     GRANT OF SUMMARY JUDGMENT AND DENIAL OF MOTION TO RECONSIDER

We also conclude that trial court did not err in granting the motion for summary judgment, and therefore did not abuse its discretion in denying appellants' motion to reconsider.

The beneficiary of a deed of trust who holds the promissory note secured thereby, can judicially foreclose on the deed of trust in the event of default. *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 92-94, 285 P.3d 34 (2012); *Umpqua Bank v. Shasta Apt., LLC*, 194 Wn. App. 685, 697, 378 P.3d 585, *review denied*, 186 Wn.2d 1026 (2016); RCW 61.12.040-.060, .24.100(8).

Here, the material facts are undisputed. The Appellants admitted the following facts in their response to the motion for summary judgment. PCC executed the note evincing a line of credit from Horizon Bank for $850,000. The maturity date of the note was May 9, 2009. Horizon Bank used "approximately $848,000" of the line of credit to pay down interest on PCC's other loans. CP at 339-40. Ferderer and the Clines executed a deed of trust securing the note and

encumbering the property at issue here.  PCC defaulted on the note for failure to make a payment. The FDIC, acting as receiver for Horizon Bank, assigned the deed of trust to Washington Federal. The Appellants also do not dispute that Washington Federal holds the note secured by the deed of trust, and that the deed of trust provides that Ferderer and the Clines would default on the deed of trust if PCC failed "to make any payment when due" under the note.  CP at 25.

On these undisputed facts, Washington Federal was entitled to judgment as a matter of law on their claim for judicial foreclosure on the deed of trust.

IV.    ATTORNEY FEES

The Appellants request costs and fees on appeal, costs and fees at trial, and costs and fees on remand in the event they prevail on appeal.  Because the Appellants did not prevail on appeal, we deny their request.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Bjorgen, J.

_____
Lee, A.C.J.